**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3957-14T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

EUJEVEL LOPEZ,

    Defendant-Appellant.

_____

Submitted January 31, 2018 — Decided June 26, 2018

Before Judges Fuentes, Koblitz and Manahan.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 09-02-0246.

Joseph E. Krakora, Public Defender, attorney for appellant (Alison S. Perrone, Designated Counsel, on the brief).

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Susan L. Berkow, Special Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

On February 13, 2009, a Middlesex County Grand Jury returned Indictment Number 09-02-0246, charging defendant Eujevel Lopez and

his codefendant Yonathan Marte with the murder of Luilly Hernandez, N.J.S.A. 2C:11-3(a)(1), third degree aggravated assault of Anthony Cedano, N.J.S.A. 2C:12-1(b)(7), and third degree possession of a knife for an unlawful purpose, N.J.S.A. 2C:39-4(d). At trial, the State presented evidence that showed the victim of the homicide died from multiple stab wounds caused by two different knives. A number of witnesses identified defendant as one of the two men who stabbed the victim of the homicide. On December 22, 2011, a petit jury found defendant guilty of third degree possession of a knife for an unlawful purpose, and acquitted him of murder and aggravated assault.

On February 24, 2012, Judge Dennis Nieves sentenced defendant to a three-year term of probation. Pursuant to Rule 2:4-1(a), defendant was required to file his Notice of Appeal (NOA) to this court within forty-five days from the date of sentence. Defendant did not file his NOA until May 5, 2015. Despite the more than three-year delay, by order dated April 20, 2017, this court granted defendant's motion to file the NOA as within time. Defendant raises the following argument:

> POINT ONE
>
> DEFENDANT'S CONVICTION FOR THIRD-DEGREE POSSESSION OF A WEAPON FOR AN UNLAWFUL PURPOSE MUST BE VACATED BECAUSE THE STATE FAILED TO PROVE THIS CHARGE BEYOND A REASONABLE DOUBT.

A-3957-14T1

Pursuant to Rule 2:10-1:

> [T]he issue of whether a jury verdict was against the weight of the evidence shall not be cognizable on appeal unless a motion for a new trial on that ground was made in the trial court. <u>The trial court's ruling on such a motion shall not be reversed unless it clearly appears that there was a miscarriage of justice under the law</u>.
>
> [(Emphasis added).]

Furthermore, "a motion for a new trial is addressed to the sound discretion of the trial judge, and the exercise of that discretion will not be interfered with on appeal unless a clear abuse has been shown." <u>State v. Armour</u>, 446 N.J. Super. 295, 305 (App. Div.), <u>certif. denied</u>, 228 N.J. 239 (2016) (quoting <u>State v. Russo</u>, 333 N.J. Super. 119, 137 (App. Div. 2000)). Against this standard of review, defendant's argument lacks sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION